FILED
RICHARD W. NAGEL
CLERK OF COURT

2024 MAY 22 PM 4:06

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:24CR 058 |
| Plaintiff, | |
| v. | JUDGE J. HOPKINS |
| | INDICTMENT |
| KIRK SWINEHART, | |
| | 18 U.S.C. § 1344 |
| Defendant. | 18 U.S.C. § 1028A |

**THE GRAND JURY CHARGES**:

<u>COUNTS 1-6</u>
(Bank Fraud)

At all times relevant to this indictment:

1. Victim 1 and Victim 2 were residents of the Southern District of Ohio, and maintained bank accounts at Bank A.

2. Victim 2 died in January 2023.

3. The defendant, **KIRK SWINEHART**, was the son of Victim 1 and Victim 2.

4. Bank A is a bank with offices and branches within the Southern District of Ohio. Bank A is a financial institution insured by the Federal Deposit Insurance Corporation.

The Scheme

5. From in or about April 2020 to in or about March 2023, in the Southern District of Ohio, the defendant, **KIRK SWINEHART**, did knowingly execute a scheme and artifice to obtain monies, funds, credits, and property owned by and under the custody and control of Bank A, a financial institution, whose deposits were insured by the Federal Deposit

1

Insurance Corporation ("FDIC"), by means of materially false and fraudulent pretenses, representations, and promises.

## Manner and Means

6. It was part of the scheme that, unbeknownst to Victim 1 and 2, the defendant, **KIRK SWINEHART**, forged the signatures of Victim 1 and Victim 2 on checks drawn on their accounts at Bank A.

7. It was part of the scheme that the defendant, **KIRK SWINEHART**, then deposited these forged checks into his own bank accounts.

8. It was part of the scheme that the defendant, **KIRK SWINEHART**, did this approximately 45 times, that is, he forged 45 checks totaling $197,250.

## Execution of the Scheme

9. On or about the dates listed below, in the Southern District of Ohio and elsewhere, the defendant, **KIRK SWINEHART,** for the purpose of executing the scheme described above, did negotiate the checks described below, each check constituting a separate count:

| Count | Date written on check | Date check posted | Check no. | Amount | Signature forged |
|---|---|---|---|---|---|
| 1 | 4/17/2020 | 4/17/2020 | 1158 | $ 4,000 | VICTIM 1 |
| 2 | 12/10/2020 | 12/14/2020 | 7175 | $ 5,000 | VICTIM 1 |
| 3 | 2/6/2021 | 2/8/2021 | 7282 | $ 9,500 | VICTIM 1 |
| 4 | 9/14/2022 | 9/14/2022 | 1328 | $ 8,500 | VICTIM 1 |
| 5 | 2/15/2023 | 2/15/2023 | 1424 | $ 6,000 | VICTIM 2 |
| 6 | 3/1/2023 | 3/1/2023 | 1426 | $ 2,300 | VICTIM 2 |

**In violation of 18 U.S.C. § 1344.**

## COUNTS 7-12
### (Aggravated Identity Theft)

10. The Grand Jury realleges and incorporates by reference Paragraphs 1-9 as though set forth fully herein.

11. On or about the following dates, in the Southern District of Ohio and elsewhere, the defendant, **KIRK SWINEHART**, did knowingly transfer and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Bank Fraud, in violation of 18 U.S.C. § 1344, knowing that the means of identification belonged to another actual person, as specifically identified below:

| Count | Date written on check | Date check posted | Check no. | Amount | Signature forged |
|---|---|---|---|---|---|
| 7 | 4/17/2020 | 4/17/2020 | 1158 | $ 4,000 | VICTIM 1 |
| 8 | 12/10/2020 | 12/14/2020 | 7175 | $ 5,000 | VICTIM 1 |
| 9 | 2/6/2021 | 2/8/2021 | 7282 | $ 9,500 | VICTIM 1 |
| 10 | 9/14/2022 | 9/14/2022 | 1328 | $ 8,500 | VICTIM 1 |
| 11 | 2/15/2023 | 2/15/2023 | 1424 | $ 6,000 | VICTIM 2 |
| 12 | 3/1/2023 | 3/1/2023 | 1426 | $ 2,300 | VICTIM 2 |

**In violation of 18 U.S.C. § 1028A.**

### FORFEITURE ALLEGATION

Upon conviction of any offense set forth in Counts 1 through 6 of this Indictment, the defendant, **KIRK SWINEHART**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation(s) including, but not limited to, a sum of money equal to at least $197,250, which represents the amount of proceeds the defendant obtained as a result of the offense(s).

3

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

A TRUE BILL.

/S/
_____
**FOREPERSON**

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**

_____
**TIMOTHY LANDRY, MA 669554**
**SPECIAL ASSISTANT UNITED STATES ATTORNEY**